Cartter, C. J.,
delivered the opinion of the court:
This is án appeal from the decision of the Commissioner of Patents refusing to grant a patent to Henry W. Gould, of *413 Ashtabula County, Ohio, for what is called in his specification “an advertising apparatus.” The apparatus is an anchored balloon, which is to carry an advertisement, either printed or painted on a balloon, or on some object which is to be suspended from it or from the anchor-rope. It is specified that more than one anchor-rope may be employed, but that is not material. A gas-reservoir and supply-tube are also described, but are not made essential elements of the contrivance. The essence of the alleged invention is an anchored balloon, bearing upon itself, or holding in suspension in any convenient manner, an advertisement for display before the public. The appellant says, in his specification, “ I do not confine myself to the precise form or arrangement of any of the parts described, as they may be varied in many ways without departing from my invention.” He claims “ an advertising apparatus consisting of a balloon, one or more supporting ropes, and handbills or placards, and either with or without a supply-pipe, the whole arranged and operated substantially as described.” The ground upon which a patent for the subject-matter of this claim is sought, is, that it comprehends a novel combination of elements constituting a useful apparatus. The subject-matter of invention upon which patents are granted is defined by statute to be “ any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof.” This alleged invention is presented as an apparatus or “machine,” and is to be contemplated under that category of invention. It is well established that the novel organization of co-operative elements or devices into a useful mechanism is invention, within the meaning of the statute, whether the elements be individually old or new. Buck vs. Hermance, Fisher P. R., p. 251; Evans vs. Eaton, Peters C. C. R., p. 343; Barrett vs. Hall, 1 Mass., p. 474; Pennock vs. Dialougue, 4 Wash., p. 543; Foote vs. Silsby, 2 Blatch., p. 270. lit is the novelty and utility of their assemblage and combination that is to be regarded, and such combination is to be considered in its entirety as a unit. Dinmore vs. Schofield, 4 Fish., pp. 154 and 155; Watson vs. Cunningham, ibid., p. 531. It must necessarily, therefore, be a fixed and definite organism.
The obvious defect in the pending application is that the *414 feature or element of the “ apparatus ” which gives it novelty, to wit, the advertisement, does not exist. There is no advertisement described in connection with the balloon, that the court may be advised whether the combination would be new and useful. It is not even claimed that the balloon’ or its fastenings have any peculiar fashion or adaptation to accommodate the suspension of advertisements. The old elements of this invention are left where the inventor found them ; and the new elements, which give novelty to the matter, he has not discovered.
It appears to the court that this application, when stripped of its verbiage, is simply an application for a patent for the discovery that it would be a good thing to attach advertisements permanently to balloons; this certainly does not come within the law protecting anew and useful “ apparatus.” Even as a new and useful operation it might be doubtful.
The decision of the Commissioner is affirmed.